**UNITED STATES of America,**
**Appellee,**

v.

**Kyle JOHNSON, Defendant–Appellant.**

**No. 01–1055.**

United States Court of Appeals,
Second Circuit.

Oct. 11, 2001.

John J. Molloy, West Seneca, NY, for appellant.

Thomas S. Duszkiewicz, Assistant United States Attorney, Western District of New York; Denise E. O'Donnell, United States Attorney, for appellee.

Present McLAUGHLIN, STRAUB, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant–Appellant Kyle Johnson appeals from his conviction after jury trial and the ensuing judgment rendered by the United States District Court for the Western District of New York (Richard J. Arcara, *Judge* ).

On April 25, 2000, Johnson was indicted on one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and one count of possession of cocaine base in excess of 5 grams, in violation of 21 U.S.C. § 844(a). Johnson's first trial ended in a mistrial. A second trial began on October 3, 2000.

The evidence at trial showed that Johnson and his stepfather, Joseph Richards, arrived by a Trailways Express bus at a bus station in Buffalo, New York. They exited the terminal, spoke with a taxi driver, and gave the driver two items of luggage—one black suitcase and one blue nylon bag—which he placed in the back of the taxi. Two plainclothes agents of the Drug Enforcement Administration approached Johnson and Richards, identified themselves, and asked to speak with them. After some preliminary questioning, one of the agents asked permission to look through their bags. Johnson said, "Okay," and looked toward the taxi driver, who opened the back of the taxi. Johnson removed the two bags from the back of the taxi and placed them on the sidewalk. One agent searched the blue nylon bag and found a plastic bag containing what appeared to be crack cocaine. Johnson and Richards were placed under arrest and brought into an office in the station, where the agents searched both bags again and found, in addition to the plastic bag, mostly clothing. One of the agents asked the men whose clothing was in the bags. Johnson initially admitted that the clothes were his, but after one agent asked him whether he understood "what's going on here," Johnson claimed that the clothes were not his and that he must have taken the wrong blue bag when he disembarked from the bus. However, Richards admitted that a sweatshirt and wrist bandage found in the blue bag were his. The other items of clothing in the blue bag appeared to fit Johnson, but not Richards. One of the agents later ascertained that no claims of lost or misplaced luggage from that bus were reported to the bus station. Other evidence, not relevant here, also was presented to the jury.

The jury began deliberations on October 5, 2000. The following morning, the District Court advised counsel that Juror Number 6 had called both the court secretary and the courtroom deputy to report that he was seriously ill. Because of the

schedules of the Court and counsel, if deliberations did not proceed that day, they could not resume until October 16, ten days later. If the Court declared a mistrial, a retrial likely would not occur until early in 2001. The Court excused Juror Number 6, finding just cause to do so, and ordered deliberations to resume with eleven jurors, pursuant to Rule 23(b) of the Federal Rules of Criminal Procedure. Later that same day, the eleven-person jury returned a verdict of guilty on the first count, possession with intent to distribute. The District Court filed the judgment on January 25, 2001, and Johnson filed a timely notice of appeal.

■ In appealing his conviction, Johnson first argues that the evidence presented at trial was insufficient to establish that he possessed the drugs.*

A defendant challenging the sufficiency of the evidence bears a heavy burden. When reviewing sufficiency challenges, we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor. An appellant must demonstrate that no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. We apply these principles equally to direct and to circumstantial evidence. Finally, we note that the task of choosing among competing, permissible inferences is for the fact-finder, not for the reviewing court.

*United States v. McDermott*, 245 F.3d 133, 136 (2d Cir.2001) (citations and internal quotation marks omitted). Moreover, in proving that a defendant possessed illegal drugs, the government may establish either actual or constructive possession.

*See United States v. Torres*, 901 F.2d 205, 221 (2d Cir.1990). "Constructive possession exists when a person ... knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Id.* (internal quotation marks omitted). Given the evidence presented in this case—including Johnson's consent to the search of both bags, his removal of both bags from the taxi, his initial admission that the clothing in the blue bag was his, the presence of Richards' clothing in the blue bag (tending to refute Johnson's claim that it was the "wrong bag"), the agents' observation that the other clothing in the blue bag was Johnson's size, and the presence of the cocaine in the blue bag—we conclude that a rational jury could have found that Johnson possessed the cocaine. The evidence is sufficient to sustain the conviction.

■ Johnson also argues that the District Court erred in excusing Juror Number 6 and allowing a verdict by the remaining eleven jurors. Rule 23(b) of the Federal Rules of Criminal Procedure provides that "if the court finds it necessary to excuse a juror for just cause after the jury has retired to consider its verdict, in the discretion of the court a valid verdict may be returned by the remaining 11 jurors." We review the District Court's decision to dismiss Juror Number 6 for an abuse of discretion. *See United States v. Reese*, 33 F.3d 166, 173 (2d Cir.1994), *cert. denied*, 513 U.S. 1092, 115 S.Ct. 756, 130 L.Ed.2d 655 (1995). In doing so, we read "just cause" broadly, as "embrac[ing] all kinds of problems—temporary as well as those of long duration—that may befall a juror during jury deliberations.... All that is needed to satisfy a prudent exer-

---

* By this appeal, Johnson challenges the sufficiency of evidence as to the element of "knowing possession," but does not make any argument as to the element of "intent to distribute." Therefore, we consider only whether the evidence was sufficient for a rational jury to find the element of knowing possession beyond a reasonable doubt.

cise of discretion is to be certain the trial court had sufficient information to make an informed decision." *Id.* Moreover, "proceeding with eleven jurors is generally preferable to a mistrial." *United States v. Gibson,* 135 F.3d 257, 260 (2d Cir.1998) (*citing United States v. Stratton,* 779 F.2d 820, 831–32 (2d Cir.1985)). Here, the District Court's decision to excuse Juror Number 6 and to order a continuation of deliberations by the remaining eleven members of the jury was based on the juror's telephone calls to the court's secretary and the courtroom deputy, during which the juror reported being seriously ill. The juror's calls provided the Court with sufficient information to reach an informed decision. We find no abuse of discretion.

We have examined all of Johnson's contentions and find them to be without merit. For the reasons set forth above, the judgment of the District Court is hereby AF-FIRMED.